## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ARMANDO DIAZ and | : | |
| GERARDO MIRELES, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-1556-RWS |
| | : | |
| JPMORGAN CHASE BANK, | : | |
| | : | |
| Defendant. | : | |

## <u>ORDER</u>

This case comes before the Court on Defendant's Motion for Summary Judgment [8].  After reviewing the record, the Court enters the following Order.

### Background

On or about November 12, 2002, Plaintiff Armando Diaz ("Diaz") executed a promissory note payable to Northpoint Capital, Inc. in the principal amount of $133,750.00 ("Note").  ([9] at 4-7.)  Diaz also executed a Security Deed on property located at 4559 Iroquois Trail, Duluth, Georgia 30096 ("Property") in favor of Northpoint Capital to secure the Note ("Security Deed") [8-2].

AO 72A
(Rev.8/82)

The Note states that the Lender may transfer the Note, and anyone who takes the Note by transfer is entitled to receive payments under the Note as the "Note Holder." (Note, Dkt. [9] at 4, ¶ 1.) Further, the Security Deed grants Northpoint Capital the right to sell the Note one or more times without prior notice to Diaz. (Security Deed, Dkt. [8-2] ¶ 20.) The Allonge to Mortgage Note ([9] at 7) shows that the Note was transferred to Chase Manhattan Mortgage Corporation ("Chase Manhattan"). On November 12, 2002, Diaz executed a document acknowledging that the Note had been transferred to Chase Manhattan ("Acknowledgment"). ([8-5] at 4-5.) On the same date, Northpoint Capital transferred, conveyed and assigned to Chase Manhattan all of its rights, title and interest in and to the Security Deed. (Assignment, Dkt. [8-3].) In the Security Deed, Diaz "grant[ed] and convey[ed] to Lender and Lender's successors and assigns, with power of sale." (Security Deed, Dkt. [8-2] at 3.)

Chase Manhattan merged with Chase Home Finance, LLC ("CHF") on January 1, 2005. CHF then merged with JPMorgan on May 1, 2011. (Affidavit of Dawn McDuffie, Dkt. [8-6] ¶ 5.) As a result of the mergers, JPMorgan became the servicer of the loan and holder of the original Note. (Id. ¶ 6.)

2

JPMorgan was in continuous possession of the original Note until it forwarded the Note to its counsel of record in this action, Stephen V. Kern at the law firm of Kitchens Kelley Gaynes, P.C., for use in this litigation.  (Id. ¶ 7.)  Mr. Kern has been in continuous possession of the Note since that time.  (Affidavit of Stephen V. Kern, Dkt. [9] ¶¶ 2-3.)

Diaz's loan is more than nine months in arrears.  (Affidavit of Ashley L. Nauman, Dkt. [8-5] ¶ 6.)  All principal, interest and other charges due and payable under the Note have been accelerated and are now due.  (Affidavit of Dawn McDuffie, Dkt. [8-6] ¶ 9.)

By quitclaim deed dated September 29, 2008 [8-4], Diaz transferred the Property to Plaintiff Gerardo Mireles ("Mireles").  JPMorgan did not give Diaz written consent to transfer the Property.  (Affidavit of Dawn McDuffie, Dkt. [8-6] ¶ 11.)  Paragraph 18 of the Security Deed provides: "If all or any part of the Property or any Interest in the Property is sold or transferred...without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument." ([8-2] at 11.)

A foreclosure sale of the Property was scheduled for April 3, 2012.  But the sale has not yet occurred due to the filing of this litigation.  (Affidavit of

3

Dawn McDuffie, Dkt. [8-6] ¶ 12.)

In their Complaint, Plaintiffs seek a temporary restraining order enjoining Defendant from "either delivering the Deed Under Power of Sale relating to the Future Foreclosure Sale and/or from conveying, transferring, selling, disposing or other executing or delivering to any third party any document concerning the Plaintiff's Residence" or "the Plaintiff Business pending the final outcome of issues raised in Plaintiff Complaint."  (Complaint, Dkt. [1-1], Count I and Count II, ¶¶ 8-11.)  Plaintiff also asks the Court to set aside or annul the foreclosure sale, or cancel any rescheduling of the sale (Id., Count III, ¶¶ 12-13.)  Count Four asserts a claim for wrongful foreclosure and Count Five includes a claim for breach of contract. (Id. ¶¶ 14-23.)  Finally, Count VI seeks attorney's fees.  (Id. ¶¶ 24-26.)

Defendant asserts a counterclaim against Plaintiff Diaz for the full amount due under the Note as of the date of the judgment, including principal in the amount of $117,259.41, plus interest calculated through June 1, 2012 in the amount of $5,957.91, plus additional interest at a per diem rate of $21.89 from June 2, 2012 through the date of entry of judgment, plus corporate advances, escrow advances, insurance and fees in the amount of $2,581.68, plus late

4

charges in the amount of $138.80, and any further relief deemed just and proper by the Court. (Answer and Counterclaim, Dkt. [4] at 9-12.)

Defendant now moves the Court to dismiss all of Plaintiffs' claims and grant summary judgment on Defendant's counterclaim.  Plaintiffs have not filed a response to Defendant's motion.[1]  Therefore, the motion is deemed unopposed under LR 7.1B.

## Discussion

## I.    Summary Judgment - Legal Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004)

---

[1] The Court notes that Plaintiffs attached two sworn affidavits to their Complaint.  (See Dkt. [1-1] at 9-14.)  The Court has reviewed those documents, but they do not impact the Court's analysis or decision on summary judgment.

5

(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  Where the

moving party makes such a showing, the burden shifts to the non-movant, who

must go beyond the pleadings and present affirmative evidence to show that a

genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 257  (1986).

The applicable substantive law identifies which facts are material.  Id. at

248.  A fact is not material if a dispute over that fact will not affect the outcome

of the suit under the governing law.  Id.  An issue is genuine when the evidence

is such that a reasonable jury could return a verdict for the non-moving party.

Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must

view all evidence and draw all reasonable inferences in the light most favorable

to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296

(11th Cir. 2002).  But, the court is bound only to draw those inferences which

are reasonable.  "Where the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party, there is no genuine issue for trial."

Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II.   Analysis

### A.    Plaintiffs' Claims

Defendant moves for summary judgment on all of Plaintiffs' claims.  The Court first addresses the motion with regard to Plaintiffs' substantive claims (Count IV for wrongful foreclosure and Count V for breach of contract related to wrongful foreclosure), and then addresses Plaintiffs' prayers for relief (Counts I, II, III, and VI).

#### 1.    Wrongful Foreclosure and Breach of Contract

Defendant argues that Plaintiffs' wrongful foreclosure and breach of contract claims fail as a matter of law because no foreclosure sale has occurred and Defendant has the right to initiate foreclosure proceedings against the Property.  (Brief in Support of JPMorgan Chase Bank, N.A.'s Motion for

7

Summary Judgment ("Def.'s MSJ Br."), Dkt. [8-1] at 8.)  The Court agrees with Defendant.

In support of these claims, Plaintiffs appear to allege that the Security Deed was improperly assigned to Defendant.  (Id. ¶¶ 15, 22.)  However, under O.C.G.A. § 14-2-1106(a)(2), "[t]he title to all real estate and other property owned by, and every contract right possessed by, each corporation or entity party to the merger is vested in the surviving corporation or entity without reversion or impairment, without further act or deed, and without any conveyance, transfer, or assignment having occurred."  Here, by their explicit terms, the Note and the Security Deed were transferable.  Northpoint Capital transferred the Note ([1-2] at 4) and assigned the Security Deed ([8-3]) to Chase Manhattan.  JPMorgan became successor-by-merger to Chase Manhattan and is now the proper holder of the Note and the Security Deed.  (See Def.'s MSJ Br., Dkt. [8-1] at 8-9.)  Therefore, Defendant has the right to foreclose on the Property under those contracts.  (See Security Deed, Dkt. [8-2] at 3 (granting Lender and its successors and assigns the power of sale).)

Moreover, Defendant argues, Plaintiff Diaz breached his obligations under the Note and Security Deed by failing to make payments on the mortgage

8

loan and by conveying the Property to Plaintiff Mireles in violation of

Paragraph 18 of the Security Deed ("due-on-sale clause").  Plaintiffs do not

dispute any of these allegations.  Therefore, the Court agrees that Defendant is

entitled to foreclose on the Property.  (See id. at 3-4, ¶ 1, and 11, ¶ 18).

Accordingly, Counts IV and V are **DISMISSED.**

> 3.     Injunctive Relief and Attorney's Fees

To receive injunctive relief (Counts I, II, and III), Plaintiffs must show,

among other things, a likelihood of success on the merits of the underlying case.

Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242,

1246 (11th Cir. 2002).  Because the Court has dismissed Plaintiffs' substantive

claims, Plaintiffs cannot satisfy this requirement for injunctive relief. Therefore,

Plaintiffs' requests in Counts I, II, and III[2] are **DENIED.**

In Georgia, the general rule is that attorney's fees are not available unless

authorized by statute or contract.  Vie v. Wachovia Bank, N.A., 2012 WL

1156387, at *5 (N.D. Ga. Apr. 6, 2012) (citing O'Conner v. Bielski, 701 S.E.2d

---

[2] The Court notes that Plaintiffs' request in Count III to set aside or annul the foreclosure sale is moot because no sale has occurred. Further, because the Court concluded in Part II.A.1, supra, that Defendant is entitled to foreclose on the Property, the Court will not enjoin Defendant from rescheduling the sale.

856, 858 (Ga. 2010)).  Plaintiffs do not allege that any contract authorized attorney's fees.  The statutes identified by Plaintiffs, O.C.G.A. § 13-6-11 and § 9-15-14, also do not authorize attorney's fees in this case.

Under O.C.G.A. § 13-6-11, expenses of litigation are generally not allowed as part of the damage, "but where the plaintiff has specially pleaded and has made prayer therefor and where defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."  Plaintiffs have not alleged any facts or presented any evidence to satisfy the statute's standard for recovering attorney's fees.  Plaintiffs' conclusory assertions that Defendant acted in bad faith and has been stubbornly litigious are insufficient.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986) (Plaintiffs must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist).

O.C.G.A. § 9-15-14(a) allows recovery of attorney's fees when a party "has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position."  Given the Court's finding that Defendant is entitled

10

to foreclose on the Property, Plaintiffs cannot recover attorney's fees on the basis that Defendant raised a defense or position lacking substantial justification.  Therefore, Plaintiffs' request for attorney's fees is **DENIED.**

      <u>B.</u>    <u>Defendant's Counterclaim</u>

Defendant also moves for summary judgment on its counterclaim against Plaintiff Diaz.  Defendant alleges that Diaz defaulted on his monetary obligations under the Note and when he conveyed his interest in the Property to Plaintiff Mireles, he violated the due-on-sale clause of the Security Deed. (Def.'s MSJ Br., Dkt. [8-1] at 13-14; <u>see also</u> Answer and Counterclaim, Dkt. [4] at 8-12.)  Consequently, Defendant asserts, all principal, interest and other charges due and payable under the Note have been accelerated and are now due. (<u>Id.</u> at 14.)  Plaintiffs have not filed an answer to Defendant's counterclaim.

The Security Deed gives the Lender the authority to "require immediate payment in full of all sums secured by [the] Security Instrument" in the event the Borrower sells or transfers the Property or any interest therein without the Lender's prior written consent.  (Security Deed, Dkt. [8-2] at 11, ¶ 18.)  The Security Deed also allows the Lender to accelerate all amounts due under the Note following the Borrower's breach of any covenant or agreement under the

11

Deed (e.g., failure to make payments), if proper notice is provided to the Borrower.  (Id. at 13, ¶ 22.)  It is undisputed that Diaz conveyed the Property to Mireles without written consent from Defendant.  It is also undisputed that Plaintiff Diaz is in default on the loan payments.

The record shows that Chase Manhattan, Defendant's predecessor in interest, complied with the notice requirements for acceleration under Paragraph 22 of the Security Deed. (See Acceleration Warning (Notice of Intent to Foreclose), Dkt. [8-5] at 34-37.)  On November 28, 2011, Chase Manhattan sent a letter to Diaz informing him that he was in default under the loan, specifying the action required to cure the default, providing the date by which the default needed to be cured, and warning that if Diaz failed to cure by the specified date, Chase Manhattan would accelerate the maturity of the loan, declare all sums due, and commence foreclosure proceedings.  (Id. at 34-35.)  Under Paragraph 22 of the Security Deed, when Diaz failed to cure his default by the date specified, the Lender was entitled to "require immediate payment in full...without further demand" and "invoke the power of sale granted by Borrower."  (Security Deed, Dkt. [8-2] at 13, ¶ 22.)  Plaintiffs have not challenged the sufficiency of this notice regarding acceleration.

12

Therefore, Defendant has demonstrated its right to receive payment in full.  Plaintiffs have failed to show any material factual dispute as to this issue. Consequently, Defendant's motion for summary judgment on its counterclaim is **GRANTED**.

## Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment [8] is **GRANTED** with regard to all of Plaintiffs' claims and Defendant's counterclaim. The Clerk shall enter judgment in favor of Defendant and against Plaintiffs in the sum of $131,891.88, plus costs of this action.

**SO ORDERED**, this  27th  day of February, 2013.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)